UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREN CLUBINE,

    Plaintiff,

vs.                                        CASE NO.: 6:22-cv-641

MICHAELS STORES, INC.,

    Defendant.
_____/

## DEFENDANT MICHAELS STORES, INC.'S NOTICE OF REMOVAL

Defendant, MICHAELS STORES, INC. ("Michaels"), hereby files this, its Notice of Removal, for the above styled cause pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No.: 2022-CA-002096-O, in which this action is pending, to the United States District Court, Middle District of Florida, Orlando Division, and in support thereof states the following:

1. This cause is an action for negligence filed by Plaintiff, KAREN CLUBINE ("Plaintiff"), in the Circuit Court of the Ninth Judicial District in and for Orange County Florida, Case No: 2022-CA-002096-O. Specifically, Plaintiff alleges that Defendant caused her personal injury resulting from a fall and is responsible for damages. A copy of the state court Complaint is included as an exhibit to this Notice of Removal.

2. Written notice of the filing of this Notice of Removal has been given to Plaintiff, this day, through her attorney of record, Michelle P. Smith, Esquire, Law Office of Michelle P. Smith, P.A., 545 Delaney Avenue, Bldg. 4, P.O. Box 1788, Orlando, FL 32802-1788, michellesmith@mpsmithlegal.com, pursuant to 28 U.S.C. § 1446(d), and is also being filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida and included as an exhibit to this Notice of Removal.

3. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the aforementioned state court action are included as an exhibit to this Notice of Removal.

4. The Complaint was filed by Plaintiff in state court on March 9, 2022 and served on Defendant on March 21, 2022. Pursuant to 28 U.S.C. §1446(b)(3), this Notice of Removal is timely, as it is being filed within thirty (30) days after Defendant's receipt of the Complaint on March 21, 2022, setting forth the claim for relief on which this action is based.

5. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. §1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§1441 and 1446. Pursuant to 28 U.S.C. 1441(b), suits that do not arise under federal law are removable if none "of the parties in interest properly joined and served as defendants is a citizen of the State

in which such action is brought." The only further requirement for diversity jurisdiction is that the amount in controversy exceed $75,000.00.

6. There is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §1332(a)(3).

7. On information and belief, Plaintiff has her domicile in Florida. Plaintiff alleges that at all times material to this action, which concerns an incident on October 7, 2019, and all subsequent treatment for such incident until the present time, she resided in Orange County, Florida. *See* Complaint ¶ 2. According to her social media posting, she worked for Rosen Plaza Hotel & Resort in Orlando, Florida, since May 2018. According to the Florida Department of State, she launched a business called "You're Invited Event Services, LLC" on June 8, 2015, for which she was the registered agent, at the Orlando, Florida address, which Plaintiff at the time of the alleged incident stated to Defendant was her home address. Thus, all evidence indicates Plaintiff has been residing in Florida for at least seven years, has been working in Florida, and started a business in Florida, all of which demonstrate her intent to make Florida her home. *See* Exhibit "A."

8. Defendant, Michaels, is a foreign profit corporation incorporated in the state of Delaware and with its principal place of business located at 8000 Bent Branch Drive, Irving, Texas.

9. In addition, Plaintiff maintains that the matter in controversy exceeds

3

the sum of $75,000.00, exclusive of interest and costs. While the Complaint simply alleges damages in excess of the minimal jurisdictional limits of $30,000.00, and the civil cover sheet indicates the amount of the claim is over $100,000, in communications between the parties, Plaintiff's counsel has indicated the amount in controversy exceeds $75,000, and has provided evidence in support. In correspondence to Michaels on December 7, 2021, Plaintiff's counsel stated the total boardable expenses at that time amounted to $81,659.13, submitted billing records in support, and made a demand far in excess of $75,000. According to that communication, Plaintiff claims she required hospital treatment, diagnostic X-rays and MRIs, steroid injections, biologic plasma injections, and extensive physical therapy, before finally undergoing surgery, an arthroscopic partial medial meniscectomy of the right knee. Defendant stands ready to provide that communication and those billing records to this Court for review if requested. *See Devore v. Howmedica Osteonics Corp.*, 658 F.Supp. 2d 1372 (M.D. Fla. 2009) (holding that, although a presuit demand letter was not 'other paper' per 28 U.S.C. 1446(b), and could not be the sole basis for removal, the court was persuaded that it was an honest assessment of damages and thus defendants met the burden of showing by a preponderance of the evidence that the amount in controversy had been met). *See also Diaz v. Big Lots Stores, Inc.*, 5:10–cv–319–Oc–32JBT, 2010 WL 6793850, (M.D. Fla. November 5, 2010).

10. Plaintiff alleges that as a result of the subject incident, she "suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scaring [sic], mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of previous existing conditions. These losses are either permanent or continuing, and Plaintiff, Karen Clubine, will suffer the losses in the future." *See* Complaint ¶ 9.

11. Where damages are unspecified, the removal scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires the court to apply the preponderance burden by reviewing the propriety of removal on the basis of the removing documents. *Weisler v. Safeco Ins. Co. of Ill.*, 14-CV-81107-RYSKAMP/HOPKINS, 2014 WL 12452096, *1 (S.D. Fla. Nov. 14, 2014). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.*, *citing Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

12. Here, according to Plaintiff's Complaint and the representations of Plaintiff's counsel, there is no dispute that the amount in controversy exceeds the sum of $75,000.00. *See Wilssens v. Medtronic, Inc.*, 09–60792–CIV, 2009 WL 9151079 (S.D. Fla. July 23, 2009) (district court concluded that it was facially apparent that

plaintiff's claimed damages exceeded $75,000 where plaintiff, based on a theory of tort recovery, claimed electrical shocks from an allegedly defective defibrillator, bodily injury, pain and suffering, disability, mental anguish, the expense of hospitalization, and loss of the ability to earn money, and alleged the damages were permanent and continuing); *citing Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (affirming district court's conclusion that it was facially apparent that plaintiff's claimed damages exceeded $75,000 where, based on slip and fall, complaint alleged injuries to her right wrist, left knee and patella, and upper and lower back, and sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement) and *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999) (affirming district court's conclusion that it was facially apparent that claims exceeded $75,000; "In the complaint, based on a tort theory of recovery, appellant alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization. Therefore, the district court had jurisdiction to decide the merits of the case.").

13. No previous application has been made for the relief requested herein.

14. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15. The allegations of this notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Florida.

16. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a written brief and oral argument in support of its position that this case is removable.

**WHEREFORE**, Defendant, MICHAELS STORES, INC., prays that the civil action filed by Plaintiff in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida be removed to this Court as provided by 28 U.S.C. §§ 1441, et. seq., and 1446, and that this Court accept jurisdiction of this action.

Respectfully submitted,

/s/ Michael J. Rigelsky_____
MICHAEL J. RIGELSKY, ESQUIRE
Florida Bar No. 126168
  Lead Counsel
GOLDBERG SEGALLA, LLP
800 N. Magnolia Avenue | Suite 450
Orlando, FL 32801
Telephone: (407) 458-5600
E-Service Email:
ORLpleadings@goldbergsegalla.com
Secondary Emails:
mrigelsky@goldbergsegalla.com,
gjordan@goldbergsegalla.com

>GREGORY E. JORDAN, ESQUIRE
>Florida Bar No.: 112979
>GOLDBERG SEGALLA, LLP
>800 N. Magnolia Avenue | Suite 450
>Orlando, FL 32801
>Telephone: (407) 458-5600
>E-Service Email:
>ORLpleadings@goldbergsegalla.com
>Secondary Emails:
>mrigelsky@goldbergsegalla.com,
>gjordan@goldbergsegalla.com

## CERTIFICATE OF SERVICE

I hereby certify that on (date), I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document to Michelle P. Smith, Esq., Counsel for Plaintiff, Law Office of Michelle P. Smith, P.A., 545 Delaney Avenue, Bldg. 4, P.O. Box 1788, Orlando, FL 32802-1788, michellesmith@mpsmithlegal.com March 31, 2022.

>GOLDBERG SEGALLA, LLP
>800 N. Magnolia Avenue | Suite 450
>Orlando, FL 32801
>Telephone: (407) 458-5600
>E-Service Email:
>ORLpleadings@goldbergsegalla.com
>Secondary Emails:
>mrigelsky@goldbergsegalla.com
>gjordan@goldbergsegalla.com
>
>/s/ Michael J. Rigelsky_____
>MICHAEL J. RIGELSKY, ESQUIRE
>Florida Bar No. 126168
>GREGORY E. JORDAN, ESQUIRE

8

Florida Bar No.: 112979